UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID O'KANE,

                         Plaintiff,

              -against-

NEW YORK STATE DEPARTMENT OF
CORRECTIONAL SERVICE; THE LEGAL
AID SOCIETY; RICHARD DeSLOM; JANE
DOE, Parole Officer,

                         Defendants.

20-CV-2148 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

Plaintiff, appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that the

New York State Department of Corrections and Community Supervision unlawfully held him

beyond his maximum release date. By order dated May 14, 2020, the Court granted Plaintiff's

request to proceed without prepayment of fees, that is, *in forma pauperis*.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original).

## BACKGROUND

Named as Defendants in this complaint are the "New York State Department of Correctional Service,"[1] the Legal Aid Society, Richard Deslom, a "counselor of sentence & review" in Albany, New York, and Jane Doe, a "parole counselor" at Upstate Correctional Facility in Malone, New York. Plaintiff alleges that his prison sentences were imposed to run concurrently, but the New York State Department of Corrections and Community Supervision (DOCCS) "unlawfully altered" the commitment order so that the sentences instead ran consecutively. According to Plaintiff, his conditional release date was December 3, 2007, and his maximum release date was January 4, 2010, but he was not released until March 12, 2015.

Publicly available records show that in 1994 and 2004, Plaintiff was convicted of drug charges in New York State Supreme Court, New York County. *See People v O'Kane*, 224 A.D.2d 182 (1st Dep't Feb. 1, 1996), *lv. denied*, 88 N.Y.2d 939 (June 21, 1996); *People v. O'Kane*, 55 A.D.3d 315 (1st Dep't Oct. 2, 2008), *lv. denied*, 11 N.Y.3d 928 (Jan. 20, 2009). In 2007, Plaintiff simultaneously filed seven civil rights complaints in this Court challenging the 2004 conviction and revocation of parole. Those complaints were consolidated and dismissed. *See O'Kane v. Giovanni*, No. 08-CV-266 (KMW) (S.D.N.Y. Jan. 14, 2008) (listing cases and dismissing claims because defendants were either immune from suit or not state actors, and because Plaintiff could not seek damages unless the conviction had been overturned or otherwise invalidated, as required by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)).

---

[1] The official name of this agency is the New York State Department of Corrections and Community Supervision (DOCCS).

On June 3, 2009, Plaintiff filed in this District a petition under 28 U.S.C. § 2254, challenging the 2004 conviction. *See O'Kane v. Kirkpatrick*, No. 09-CV-5167 (HB) (THK), 2011 WL 3918158, at *1 (S.D.N.Y. Aug. 25, 2011) (adopting report and recommendation and denying petition on the merits). On July 25, 2009, Plaintiff filed a § 2254 petition in the United States District Court for the Western District of New York challenging the parole delinquency date set by the Division of Parole following the 2004 conviction. *See O'Kane v. Kirkpatrick*, No. 09-CV-6400, 2011 WL 2470522, at *1 (W.D.N.Y. June 20, 2011) (denying petition on the merits). The Western District decision provides the following background information about Plaintiff's criminal proceedings and sentencing.[2]

> *Pro se* Petitioner David O'Kane ("Petitioner") has filed a timely petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the constitutionality of his custody pursuant to a judgment entered March 22, 1994, in New York County Supreme Court, convicting him, after a jury trial, of Criminal Sale of a Controlled Substance in the Third Degree (N.Y. Penal Law ("Penal Law") § 220.39) and Criminal Possession of a Controlled Substance in the Third Degree (Penal Law § 220.16[1] ). Petitioner was sentenced, as a second felony offender, to concurrent, indeterminate prison terms of from five to ten years on each count. *By operation of law*, this sentence ran consecutively with the undischarged portion of his sentence from an unrelated 1990 conviction. Petitioner is also in state custody from two judgments entered on July 8, 2004, in New York County Supreme Court, convicting him, upon pleas of guilty, of Criminal Possession of a Controlled Substance in the Fourth Degree (Penal Law § 220.09) and Criminal Sale of a Controlled Substance in the Fifth Degree (Penal Law § 220.31). Petitioner was sentenced, as a second felony offender, to an indeterminate prison term of from three to six years on the possession count and a concurrent, indeterminate prison term of from two and one-half to five years on the sale count. These sentences were ordered to run concurrently with each other, *but, by operation of law*, ran consecutively with the undischarged portion of Petitioner's sentence from his 1994 conviction.

*O'Kane,* No. 09-CV-6400, 2011 WL 2470522, at *3 (emphasis added).

---

[2] That decision also details other challenges Plaintiff filed in the state courts about his convictions and sentences.

Plaintiff further alleges that the Legal Aid Society (LAS) sent him a letter in May 2014, informing him of his eligibility for resentencing under reforms to New York State's drug sentencing laws. Plaintiff was resentenced, but he suggests that LAS was either ineffective or negligent for not filing a motion for resentencing in 2005, when the law was reformed.

Finally, Plaintiff claims that in 2014, during his custody at Elmira Correctional Facility, a weapon was planted in his cell, he was put in punitive segregation, and 12 months were added to his sentence.

Plaintiff seeks money damages for each day that he was allegedly unlawfully incarcerated and housed in punitive segregation. He also seeks documents from Defendants, including all letters, grievances, and court filings he has submitted over the years in connection with the issues raised in this complaint.

## DISCUSSION

### A.   Claims Under 42 U.S.C. § 1983

Plaintiff filed his complaint under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).[3]

---

[3] In New York, the statute of limitations for claims under 42 U.S.C. § 1983 is three years. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *Pearl v. City of Long Beach*, 296 F.3d 76, 79-80 (2d Cir. 2002). Claims under § 1983 generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013). While not dismissing on this ground, the Court notes that Plaintiff's § 1983 claims appear to be untimely.

1.       **Favorable Termination Rule**

Plaintiff's complaint suffers from numerous fatal defects. Most significantly, any claim for money damages for Plaintiff's conviction and incarceration would be necessarily inconsistent with the favorable termination rule set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).[4] Under that doctrine, when success on a plaintiff's civil rights claim would "necessarily imply the invalidity of his conviction or sentence," the plaintiff cannot proceed with the civil rights action unless the conviction or sentence has been invalidated. *Id.* at 487; *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (holding that a "prisoner's § 1983 action is barred . . . *if* success in that action would necessarily demonstrate the invalidity of confinement") (italics in original).

Here, success on Plaintiff's section 1983 claim seeking damages on the ground that he was incarcerated beyond his maximum release date and that his sentences were unlawfully "altered." But Plaintiff fails to allege, and public records do not show, that any of his convictions or sentences were overturned or otherwise invalidated. Because Plaintiff's damages claim would necessarily be inconsistent with his convictions and sentencing, he does not state a claim on which relief may be granted. *See, e.g., DiBlasio v. City of New York,* 102 F. 3d 654, 656-59 (2d Cir. 1996) (a *Heck* dismissal is a dismissal for failure to state a claim).

2.       **Damages Claims Against the Named Defendants**

i.   DOCCS

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009).

---

[4] Plaintiff should already be familiar with *Heck's* favorable termination rule, because his prior civil rights complaints were dismissed in part on *Heck* grounds. *See O'Kane v. Giovanni*, No. 08-CV-266 (KMW) (S.D.N.Y. Jan. 14, 2008).

"The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

Plaintiff's § 1983 claims for damages against DOCCS, which is an agency of the State of New York, are therefore barred by the Eleventh Amendment and are dismissed.

      ii.    Richard Deslom and Jane Doe

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). An individual defendant can be personally involved in a § 1983 violation if:

> (1) the defendant participated directly in the alleged constitutional violation,
> (2) the defendant, after being informed of the violation through a report or appeal,
> failed to remedy the wrong, (3) the defendant created a policy or custom under
> which unconstitutional practices occurred, or allowed the continuance of such a
> policy or custom, (4) the defendant was grossly negligent in supervising
> subordinates who committed the wrongful acts, or (5) the defendant exhibited
> deliberate indifference to the rights of [the plaintiff] by failing to act on
> information indicating that unconstitutional acts were occurring.

*Colon*, 58 F.3d at 873.[5]

---

[5] "Although the Supreme Court's decision in [*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)] may have heightened the requirements for showing a supervisor's personal involvement with

Moreover, where a plaintiff names a defendant in the caption of the complaint, but the body of the complaint contains no substantive allegations against the defendant, dismissal of the complaint as to that defendant is appropriate. *See Iwachiw v. New York State Dept. of Motor Vehicles*, 299 F. Supp. 2d 117, 121 (E.D.N.Y. 2004), *aff'd*, 396 F.3d 525 (2d Cir. 2005); *Dove v. Fordham Univ.,* 56 F. Supp. 2d 330, 335 (S.D.N.Y. 1999) ("[W]here the complaint names a defendant in the caption but contains no allegations indicating exactly how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted") (citations omitted)).

Plaintiff does not allege any facts showing how Defendants Deslom or Doe were personally involved in the events underlying his claims.[6] In fact, Plaintiff names Deslom and Doe as defendants, but he does not mention them in the complaint at all. Plaintiff's claims against Deslom and Doe are therefore dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

iii.    Legal Aid Society

A claim for relief under § 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private

---

respect to certain constitutional violations," the Second Circuit has not yet examined that issue. *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013).

[6] Plaintiff alleges that Richard Deslom resides in Albany, New York, and that Jane Doe resides in Malone, New York. Venue is not proper in this Court regarding events occurring in Albany, which is located in Albany County, or Malone which is located in Franklin County. Albany County and Franklin County fall within the Northern District of New York. *See* 28 U.S.C. § 112(a). Plaintiff also discusses events that occurred at Elmira Correctional Facility. The complaint fails to name any defendant who was personally involved in those events, and venue is not proper in this Court with respect to claims arising at Elmira Correctional Facility. Elmira is located in Chemung County, within in the Western District of New York. *See* 28 U.S.C. § 112(d). In light of the other deficiencies in Plaintiff's complaint, the Court declines to transfer these claims.

parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Absent special circumstances suggesting concerted action between an attorney and a state representative, *see Nicholas v. Goord*, 430 F.3d 652, 656 n.7 (2d Cir. 2005) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)), the representation of a defendant by private counsel in state criminal proceedings does not constitute the degree of state involvement or interference necessary to establish a claim under § 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender. *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981)); *see also Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (holding that legal aid organization ordinarily is not a state actor for purposes of § 1983).

Here, Plaintiff names the Legal Aid Society as a defendant. But the Legal Aid Society is a private entity that does not work for any state or other government body; its court-appointment does not convert its conduct into state action. As it is not a state actor, Plaintiff has not stated a claim against the Legal Aid Society under § 1983.

**B.**     **State Law Claims**

To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Plaintiff indicates in the complaint that he resides in Pennsylvania and that Defendants reside in New York, suggesting that diversity of citizenship exists, but the complaint does not establish an amount in controversy, and Plaintiff does not assert any specific state law claims against Defendants. But the complaint could arguably be construed as alleging legal malpractice or negligence claims against the Legal Aid Society.

i. Legal Malpractice

In a diversity action based on attorney malpractice, state substantive law applies. *Rubens v. Mason,* 527 F.3d 252, 254 (2d Cir. 2008). To state a claim for legal malpractice under New York law, a plaintiff must allege: "(1) attorney negligence; (2) which is the proximate cause of a loss; *and* (3) actual damages." *Achtman v. Kirby, McInerney & Squire, LLP,* 464 F.3d 328, 337 (2d Cir. 2006).

Plaintiff alleges that the Legal Aid Society wrote to him in 2014 about reforms to New York sentencing laws that took effect in 2005, and offered to assist him in obtaining a sentence reduction. As a result of Legal Aid's efforts, Plaintiff was released in 2015. Plaintiff asserts that Legal Aid was negligent because it did not communicate with him sooner. But these facts, without more, do not suggest that the Legal Aid Society was negligent, which is an element of a legal malpractice claim. Plaintiff fails to allege that the Legal Aid Society was actively representing him from 2005 through 2014. If Legal Aid was not Plaintiff's counsel during that time, it did not owe him a duty. In other words, if there was no attorney-client relationship during the relevant time period, Legal Aid had no obligation to act on his behalf. Additionally, Plaintiff fails to assert that he was entitled to any relief prior to 2014.

ii. Statute of Limitations

The statute of limitations for legal malpractice under New York law is three years from the date of the alleged malpractice, N.Y. Civ. Prac. L. & R. § 214(3); *Duran v. Moody*, No. 11-

CV-6155 (LTS) (JLC), 2012 WL 2878088, at *3 (S.D.N.Y. July 12, 2012). Such a claim accrues

when the plaintiff suffers an injury that entitles him to relief. *Ackerman v. Price Waterhouse,* 84

N.Y.2d 535, 541 (1994).

The Court may raise *sua sponte* an affirmative defense that is apparent on the face of the

complaint. *See Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d

Cir. 2011) ("[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in certain

circumstances where the facts supporting the statute of limitations defense are set forth in the

papers plaintiff himself submitted." (internal quotation marks and citation omitted)). Even where

claims are untimely, however, the doctrine of equitable tolling permits a court, "under

compelling circumstances, [to] make narrow exceptions to the statute of limitations in order 'to

prevent inequity.'" *In re U.S. Lines, Inc.*, 318 F.3d 432, 436 (2d Cir. 2003) (citation omitted).

The statute of limitations may be equitably tolled, for example, when a defendant

fraudulently conceals from a plaintiff the fact that the plaintiff has a cause of action, or when the

plaintiff is induced by the defendant to forego a lawsuit until the statute of limitations has

expired. *See Pearl v. City of Long Beach*, 296 F.3d 76, 82-83 (2d Cir. 2002). In addition, New

York law provides that where a person "is under a disability because of . . . insanity at the time

the cause of action accrues," the applicable statute of limitations will be tolled. N.Y. C.P.L.R.

§ 208; *Gardner v. Wansart*, No. 05-CV-3351, 2006 WL 2742043, at *5 n.4 (S.D.N.Y. Sept. 25,

2006) (although mental illness is on its own insufficient for equitable tolling purposes, tolling is

appropriate if a plaintiff is insane at the time the cause of action accrues and is "unable to protect

[his] legal rights because of an overall inability to function in society").[7]

---

[7] New York also provides by statute for other circumstances in which a limitations period
may be tolled. *See, e.g.*, N.Y. C.P.L.R. § 204(a) (where commencement of an action has been
stayed by court order), *id.* § 204 (where a dispute has been submitted to arbitration but is

Plaintiff's complaint, filed on March 9, 2020, discusses alleged malpractice arguably dating to 2015. Assuming that the Legal Aid Society's actions or omissions resulted in a legally cognizable injury to Plaintiff, Plaintiff provides no facts suggesting that the applicable limitations period for his claims should be tolled. Thus, Plaintiff's claims appear to be time-barred. If Plaintiff chooses to submit an amended complaint, he should, in addition to asserting facts giving rise to a legal malpractice claim, provide facts suggesting that his claims are timely or that tolling of the limitations period is appropriate.

**C.    Leave to Amend**

Plaintiff is granted leave to amend his complaint to plead his state law claims. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a)   give the names and titles of all relevant persons;

b)   describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c)   give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d)   give the location where each relevant event occurred;

e)   describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f)   state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

---

ultimately determined to be non-arbitrable), *id*. § 207(3) (defendant is outside New York at the time the claim accrues), *id.* § 208 (plaintiff is disabled by infancy or insanity), *id*. § 210 (death of plaintiff or defendant).

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his rights; what facts show that his rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

**D.    Electronic Submissions**

In light of the current global health crisis, parties proceeding *pro se* are encouraged to submit all filings by email to Temporary_Pro_Se_Filing@nysd.uscourts.gov. *Pro se* parties also are encouraged to consent to receive all court documents electronically. A consent to electronic service form is available on the Court's website. *Pro se* parties who are unable to use email may submit documents by regular mail or in person at the drop box located at the U.S. Courthouses in Manhattan (500 Pearl Street) and White Plains (300 Quarropas Street). For more information, including instructions on this new email service for *pro se* parties, please visit the Court's website at nysd.uscourts.gov.

**CONCLUSION**

Plaintiff's § 1983 claims are dismissed for failure to state a claim on which relief may be granted and on immunity grounds. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), (iii). The Court grants Plaintiff leave to replead to assert any viable state law claims. Plaintiff's requests for discovery are denied without prejudice.

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-2148 (LLS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the

time allowed, and Choose an item. cannot show good cause to excuse such failure, the complaint

will be dismissed for failure to state a claim upon which relief may be granted.

     The Clerk of Court is directed to mail this order to Plaintiff, noting service on the docket.

SO ORDERED.

Dated:   July 7, 2020
        New York, New York

                                         *Louis L. Stanton*

                                         Louis L. Stanton
                                           U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____
(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes     ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____, is a citizen of the State of
                          (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                    (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                Middle Initial      Last Name

_____

Street Address

_____

County, City                     State             Zip Code

_____

Telephone Number              Email Address (if available)

Page 3

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                   Zip Code

Defendant 2:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                   Zip Code

Defendant 3:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                   Zip Code

Defendant 4:

_____

First Name                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                    State                Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.